1   TRINETTE G. KENT (State Bar No. 025180)
2   KENT LAW OFFICES
    10645 North Tatum Blvd., Suite 200-192
3   Phoenix, AZ 85028
4   Telephone:  (480) 247-9644
    Facsimile:  (480) 717-4781
5   E-mail: tkent@kentlawpc.com

6
    Of Counsel to:
7   Nitzkin & Associates
8   22142 West Nine Mile Road
    Southfield, MI 48033
9   Telephone:  (248) 353-2882
10  Facsimile:  (248) 353-4840

11
    *Attorneys for Plaintiff,*
12  *Robert Willeford*

13
                IN THE UNITED STATES DISTRICT COURT
14
                  FOR THE DISTRICT OF ARIZONA
15

16  Robert Willeford,                         Case No.:

17                 Plaintiff,

18
        vs.                                    **COMPLAINT**
19

20  Experian Information Solutions, Inc.
    an Ohio corporation, and                  **JURY TRIAL DEMANDED**
21  Equifax Information Services, LLC
22  a Georgia corporation,

23                 Defendants.

24

25

26

27

28

1
2
3
   NOW COMES THE PLAINTIFF, ROBERT WILLEFORD, BY AND

THROUGH COUNSEL, Trinette G. Kent, and for his Complaint against the

4  Defendants, pleads as follows:

5

6
7
                                **JURISDICTION**

8
9
   1.  Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA")

10
       15 U.S.C. §1681p., and 28 U.S.C. §§1331, 1337.

11
   2.  This is an action brought by a consumer for violation of the Fair Credit

12
       Reporting Act (15 U.S.C.  §1681, *et seq.* [hereinafter "FCRA"]).

13
                                  **VENUE**

14

15
   3.  The transactions and occurrences which give rise to this action occurred in the

16
       City of Mesa, Maricopa County, Arizona.

17
18
   4.  Venue is proper in the District of Arizona, Phoenix Division.

19
                                 **PARTIES**

20
   5.  The Defendants to this lawsuit are:

21
22
       a.  Experian Information Solutions, Inc. ("Experian"), which is an Ohio

23
           corporation that maintains a registered agent in Maricopa County,

24
           Arizona; and

25
26
       b.  Equifax Information Services, LLC ("Equifax"), which is a Georgia

27
           company that maintains a registered agent in Maricopa County, Arizona.

28

                                     2

**1**
**2**

## GENERAL ALLEGATIONS

**3**
**4**
**5**
**6**
**7**
**8**
6. Equifax is reporting two Judgments which case numbers CV2011090180 and 49D050907CC034033 ("Errant Public Records") on Plaintiff credit file with balances. Experian is reporting one of the Errant Public Record with case number 49D050907CC034033 with a balance.

**9**
**10**
**11**
**12**
7. Mr. Willeford does not owe any balance on the Errant Public Records. They were included in his Chapter 13 Bankruptcy, which was filed in 2009 and discharged in 2012.

**13**
**14**
**15**
**16**
**17**
8. Sometime in February 2015, Mr. Willeford obtained his Equifax and Experian credit files and noticed the Errant Public Records. Shortly thereafter, he submitted letters to Experian and Equifax disputing the balances on the Errant Public Records.

**18**
**19**
**20**
**21**
9. On or about August 4, 2015, Mr. Willeford obtained a new Experian and Equifax credit report and noticed that the balances were still reported on the Errant Public Records.

**22**
**23**
**24**
10. On or about September 21, 2015, Mr. Willeford, submitted another letter to Experian and Equifax disputing the balances on the Errant Public Records.

**25**
**26**
**27**
**28**
11. On or about October 1, 2015, Mr. Willeford received Equifax's investigation results which showed that it retained the balance of $11,534.00 on the Errant Public Record with case number CV2011090180 and it also retained the

1

2

3

balance of $14,286.00 on the Errant Public Record with case number

49D050907CC034033.

4

5

6

7

12. On or about October 28, 2015, Mr. Willeford received Experian's investigation

results which showed that it retained the balance of $14,286.00 on the Errant

Public Record with case number 49D050907CC034033.

8

## COUNT I

9

10

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

11

12

13. Plaintiff re-alleges the above paragraphs as if recited verbatim.

13

14

15

16

14. Defendant Experian prepared, compiled, issued, assembled, transferred,

published, and otherwise reproduced consumer reports regarding Mr. Willeford

as that term is defined in 15 USC 1681a.

17

18

19

15. Such reports contained information about Mr. Willeford that was false,

misleading, and inaccurate.

20

21

22

23

16. Experian negligently failed to maintain and/or follow reasonable procedures to

assure maximum possible accuracy of the information it  reported to one or

more third parties pertaining to Mr. Willeford, in violation of 15 USC 1681e(b).

24

25

26

27

17.  After receiving Mr. Willeford's consumer disputes to the Errant Public Record,

Experian negligently failed to conduct a reasonable reinvestigation as required

by 15 U.S.C. 1681i.

28

4

18. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Willeford has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

19. Experian is liable to Mr. Willeford by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

20. Plaintiff re-alleges the above paragraphs as if recited verbatim.

21. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Willeford as that term is defined in 15 USC 1681a.

22. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

23. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Willeford, in violation of 15 USC 1681e(b).

5

1
2
3
4

24. After receiving Mr. Willeford's consumer dispute to the Errant Public Record, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

5
6
7
8

25. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Willeford has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

9
10
11
12
13
14

26. Experian is liable to Mr. Willeford by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

15
16
17
18

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

19

## COUNT III

20
21

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY EQUIFAX**

22
23

27. Plaintiff re-alleges the above paragraphs as if recited verbatim.

24
25
26
27

28. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Willeford as that term is defined in 15 USC 1681a.

28

6

29. Such reports contained information about Mr. Willeford that was false, misleading, and inaccurate.

30. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Willeford, in violation of 15 USC 1681e(b).

31. After receiving Mr. Willeford's consumer dispute to the Errant Public Records, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Willeford has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Equifax is liable to Mr. Willeford by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that the court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

34. Plaintiff re-alleges the above paragraphs as if recited verbatim.

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

35. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Willeford as that term is defined in 15 USC 1681a.

36. Such reports contained information about Mr. Willeford that was false, misleading, and inaccurate.

37. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Willeford, in violation of 15 USC 1681e(b).

38. After receiving the Plaintiff's consumer dispute to the Errant Public Records, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Willeford has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Equifax is liable to Mr. Willeford by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

1

2

3

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

4

5

**JURY DEMAND**

6

7

Plaintiff hereby demands a trial by Jury.

8

9

DATED:  February 3, 2016                    NITZKIN & ASSOCIATES

10

11

By: _____

Trinette G. Kent

Attorneys for Plaintiff,

Robert Willeford

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9